WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Meghan Gharadaghian-Riccio, | No. CV-20-00431-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| DMB Sports Clubs LP, | |
| Defendant. | |

Before the Court is Defendant's Motion for Summary Judgment. (Doc. 112.) Also pending are Defendant's motions for sanctions, (Docs. 111, 114), and Motion to Strike, (Doc. 126). For the following reasons, the Motion for Summary Judgment and the Motion to Strike are granted, and the motions for sanctions are denied.

## BACKGROUND

Plaintiff Meghan Gharadaghian-Riccio ("Plaintiff") is a former employee of Defendant DMB Sports Clubs LP ("Defendant"). She was a part-time yoga instructor at the fitness complex, the Village. Plaintiff taught several classes a week, and during the course of her employment, used on-site childcare for her daughter, A. In November 2018, Plaintiff reported sexual harassment from a DMB Member, S.M., in an informal meeting with her superior Karen Messick. She again reported the harassment in February 2019.

In November and December 2018, Defendant reports receiving negative complaints about Plaintiff's job performance. Plaintiff's superiors held several meetings regarding the

complaints and Plaintiff's subsequent conduct. After an initial meeting regarding her conduct, Plaintiff began sending frequent emails to superiors and coworkers regarding her performance as an instructor and other work issues. In response, Defendant placed Plaintiff on a formal Performance Improvement Plan in March 2019 and warned that further infractions could lead to termination. During the same period, Defendant also suspended Plaintiff's use of the on-site childcare facilities. Plaintiff was terminated in July 2019.

Defendant asserts that Plaintiff was terminated because of her performance and insubordination, and that her daughter was removed from the childcare program because of behavioral problems. Plaintiff alleges that these consequences were retaliation for her reports of sexual harassment.

## DISCUSSION

### I. Motion for Summary Judgement

#### a. Legal Standard

The purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Parties opposing summary judgment are required to "cit[e] to particular parts of materials in the record" establishing a genuine dispute or "show[ ] that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P.

56(c)(1). A district court has no independent duty "to scour the record in search of a genuine issue of triable fact[.]" *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996).

### b. Sexual Harassment

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e–2(a)(1); *see Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 66 (1986) (interpreting discrimination to include sexual harassment). "Sexual harassment falls into two major categories: hostile work environment and quid pro quo." *Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000) (citations omitted). "A hostile work environment claim involves a workplace atmosphere so discriminatory and abusive that it unreasonably interferes with the job performance of those harassed." *Id.* In order to prevail on a hostile work environment claim, Plaintiff must show that her "workplace [was] permeated with 'discriminatory intimidation, ridicule, and insult . . . that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create and abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993).

"Title VII liability is direct, not derivative: An employer is responsible for its own actions or omissions, not for the co-worker's harassing conduct." *Swenson v. Potter*, 271 F.3d 1184, 1191–92 (9th Cir. 2001). The Ninth Circuit thus recognizes that "an employer may be held liable for sexual harassment on the part of a private individual . . . where the employer either ratifies or acquiesces in the harassment by not taking immediate and/or corrective actions when it knew or should have known of the conduct." *Folkerson v. Circus Circus Enters, Inc.*, 107 F.3d 754, 755–56 (9th Cir. 1997); *see also Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 968 (9th Cir. 2002). Likewise, where a plaintiff alleges "harassment by a co-worker[,] . . . the employer can be held liable only where 'its own negligence is a cause of the harassment.'" *Swenson*, 271 F.3d at 1191 (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 759 (1998)). Thus, where an employer becomes aware

of sexually harassing conduct, it is liable only if it "fails to take corrective action" or "takes inadequate action that emboldens the harasser to continue [his or her] misconduct." *Id.* at 1192; *see also Hostetler v. Quality Dining, Inc.*, 218 F.3d 798, 811 (7th Cir. 2000) (explaining that the employer's negligence is thus based not on "what occurred before the employer was put on notice[,] . . . but for the harm that the employer inflicted on the plaintiff as a result of its inappropriate response").

In her briefing, Plaintiff's allegations appear to rest on alleged misconduct by three individuals: another employee, W.W.; Plaintiff's supervisor, M.M.; and a patron of the club, S.M. She claims that "[t]he parties vehemently disagree about whether the record contains genuine factual disputes regarding whether a jury could reasonably determine that the alleged harassment was so severe or pervasive so as to alter the conditions of Plaintiffs' [sic] working environment." (Doc. 118 at 5.) She also asserts that there is a genuine issue as to "whether civil liability can be imputed to DMB based on Human Resources, W.W., M.M., P.A. (all members of DMB's upper management and all three empowered to take adverse employment action against Plaintiff . . ." *Id.* The bare allegation that a dispute remains, however, does not carry Plaintiff's burden at the motion for summary judgment stage. In her briefing, Plaintiff does not articulate any specific actions that constituted pervasive harassment that changed the conditions of her employment. She thus fails to allege a prima facie case of harassment based on hostile work environment.

Plaintiff further fails to allege that Defendant is liable for any harassment. Although she alleges harassment by two non-supervisors, W.W. and S.M., she does not identify any factual basis for Defendant being held vicariously liable for such alleged conduct. As to M.M., although Plaintiff asserts that she holds a supervisory role, she articulates no reason that M.M.'s conduct constituted or related to sexual harassment. The perceived wrongs outlined in Plaintiff's briefing are limited to general workplace conflict. In fact, Plaintiff provides no support or citations for any of her claims. The Court is not obliged to construct support for Plaintiff's allegations by sifting through the statement of facts and exhibits. *Forsberg v. Pac. Nw. Bell Tel. Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988) ("The district

judge is not required to comb the record to find some reason to deny a motion for summary judgment."). Defendant's motion for summary judgment on Plaintiff's harassment claim based on hostile work environment is therefore granted.

### c. Retaliation

Title VII prohibits retaliation against an employee for opposing any employment practice made unlawful by Title VII, or because she "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" related to Title VII enforcement. 42 U.S.C. § 2000e–3(a); *see also Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1082 (9th Cir.1996). A plaintiff may assert a prima facie claim of retaliation by alleging facts that, if true, would demonstrate that: (1) she engaged in an activity protected by Title VII; (2) her employer subjected her to a materially adverse employment action; and (3) there was a causal link between the protected activity and the adverse action. *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 646 (9th Cir. 2003). An action may be found to be materially adverse if it could "dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006). Engaging in statutorily protected activity means that the employee protested or otherwise opposed an unlawful employment practice against employees protected by Title VII. *See Moyo v. Gomez*, 40 F.3d 982, 984 (9th Cir. 1994).

Where a plaintiff presents a prima facie case of retaliation, the burden shifts to the employer to articulate a legitimate, non-retaliatory reason for the adverse action. *Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 894 (9th Cir. 2005). If the employer sets forth such a reason, the burden shifts back to the plaintiff to prove the proffered reason is merely a pretext for an underlying retaliatory motive. *Id.*

Here, even assuming Plaintiff has presented a prima facie case of retaliation, she provides no evidence that Defendant's proffered reasoning for the adverse actions taken against her were merely pretextual. Defendant has made a sufficient showing to shift the burden back to Plaintiff by asserting that Plaintiff was dismissed because of complaints from patrons and escalating, unprofessional conduct. (Doc. 113-1 at 2–3.) Defendant also

claims that Plaintiff's on-site childcare was discontinued because her child, A, made inappropriate comments to another student. *See id.* at 5. These explanations constitute legitimate, nonretaliatory reasons for Plaintiff's dismissal and the changes in her access to childcare. Plaintiff provides no argument that Defendant's explanation for the adverse actions taken against her is pretextual. Her failure to present any evidence of pretext thus establishes that Defendant is entitled to summary judgment.

## II.      Motions for Sanctions

"Rule 37(b) of the Federal Rules of Civil Procedure provides a wide range of sanctions for a party's failure to comply with court discovery orders." *United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1369 (9th Cir. 1980). A court may, for example, "require the delinquent party or his attorney to pay the reasonable expenses, including attorney's fees, incurred by the innocent party as a result of the failure to obey the order; strike out portions of pleadings; deem certain facts as established for purposes of the action or preclude admission of evidence on designated matters; dismiss all or part of the action; or render a default judgment against the disobedient party." *Id.* However, dismissal, or preclusion of evidence that is tantamount to dismissal, may be imposed only where the disobedient party's failure is due to willfulness, bad faith, or fault. *Id.* Courts weigh five factors to determine whether a sanction of dismissal or default for noncompliance with discovery orders is appropriate: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [opposing party]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir.1997) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)). Ultimately, a district court is vested with discretion under Rule 37. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). "[T]he imposition of such sanctions 'as are just' will not be reversed unless there has been an abuse of discretion." *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981) (citing *United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1369 (9th Cir. 1980)).

Here, because summary judgment is granted, Defendant's requests for terminating sanctions, as well as the other requests for sanctions addressing Plaintiff's conduct in the instant litigation, *see* (Doc. 114), are moot. Defendant further requests fees and expenses for the deposition Plaintiff did not attend. (Doc. 111.) Plaintiff's behavior throughout this case does appear to be egregious. Nevertheless, the Court does not wish to burden this pro se Plaintiff with what may be an award her financial circumstances do not allow her to meet. Therefore, the Court in its discretion, denies an attorneys' fees and costs award.

Finally, to the extent that Plaintiff moves for her own sanctions, requesting fees for the instant briefing, the request is denied. A "plaintiff is not entitled to attorneys' fees as expenses because as a pro se Plaintiff he has not incurred such fees, and cannot seek recovery under Rule 37(a)(5)." *Sandoval v. Obenland*, No. 317CV05667RJBDWC, 2018 WL 3455493, at *3 (W.D. Wash. July 18, 2018); *see King v. Biter*, No. 1:15-cv-00414-LJO-SAB, 2017 WL 3149592, at *7 (E.D. Cal. July 25, 2017) (finding pro se plaintiff not entitled to attorneys' fees as a sanction under Rule 37).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment (Doc. 112) is **GRANTED.** The Clerk of the Court is directed to enter judgment accordingly and terminate this action.

**IT IS FURTHER ORDERED** that Defendant's Motion for Sanctions (Doc. 111) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Sanctions (Doc. 114) is **DENIED** as **moot.**

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that, pursuant to LRCiv 7.2(c)–(d), (m), Defendant's Motion to Strike Plaintiff's Reply in Support of Plaintiff's Response to Defendant's Motion for Sanction of Dismissal with Prejudice (Doc. 126) is **GRANTED.**

Dated this 2nd day of August, 2021.

*G. Murray Snow*
G. Murray Snow
Chief United States District Judge